[No. 3,988.]

## LUCY J. FULLER v. FRANCES BAKER.

MOTION TO VACATE SATISFACTION OF JUDGMENT.—When the attorney for a party enters satisfaction of a judgment recovered by his client for a sum less than the amount of the judgment, and the client moves to have the satisfaction vacated, and for an execution to issue, and the testimony is conflicting as to whether the attorney had authority from his client to enter such satisfaction, and the Court below denies the motion, the Supreme Court will not disturb the decision of the Court below.

SATISFACTION OF JUDGMENT BY AN ATTORNEY.—The question not decided whether an attorney at law, as such, has power, without receiving au-

thority from his client, to enter satisfaction of a judgment recovered by such client upon the payment of a less sum than the amount of the judgment.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The judgment was recovered by Mrs. Fuller on the 6th day of March, 1873. On the 24th day of March following, satisfaction of the judgment was entered in open Court, in the following words, as entered on the minutes:

"*Lucy J. Fuller* v. *Frances Baker.* — Now comes F. Stanford, Esq., of attorneys for plaintiff, in open Court, and states that, regarding the solvency of defendant as doubtful, and believing it questionable whether or not the judgment in this case could be collected of the defendant Baker, or whether or not said judgment, as it now stands, would be affirmed on appeal; and believing it to be to the best interests of his client, the plaintiff in this case, he, as her attorney, has accepted two hundred dollars in United States gold coin, in full satisfaction of said judgment, of which he retains one hundred dollars as attorney's fee, as attorney of plaintiff, allowed him by said judgment, and he now pays into Court the remaining one hundred dollars to apply on the costs of plaintiff in this case."

The other facts are stated in the opinion.

*McConnell & King*, for the Appellant, argued that the attorney had no power to compromise the judgment of his client by receiving a less sum than was due, and cited, Code of Civil Procedure (title 8, ch. 1, Art. 282, 283); *Cumber* v. *Wane*, 1 Strange, R. 426; 1 Smith's Leading Cases, 6th Am. Ed., p. 549 and *Diland* v. *Hiett*, 27 Cal. 611.

*A. Brunson*, for the Respondent.

By the Court, CROCKETT, J.:

The plaintiff recovered a judgment for two dollars against the defendant, in an action for slander; and her

.costs, including one hundred dollars allowed by the Court for counsel fees, were taxed at five hundred and nineteen dollars and twenty-five cents, for which she had judgment. Her attorney of record, entertaining a doubt whether the judgment for costs could be maintained, and also as to the solvency of the defendant, accepted two hundred dollars by way of compromise, and caused satisfaction of the judgment to be entered. The plaintiff, on notice and affidavits, moved to vacate the entry of satisfaction and for leave to issue execution on the judgment, on the ground that her attorney had no authority to enter satisfaction, except upon full payment. The motion was denied and the plaintiff appeals. In his counter affidavit the attorney explicitly states that the plaintiff was fully informed of the terms of the proposed compromise, and that his "entire action in the premises was by the full consent and knowledge of his client, the said Mrs. Fuller." On the other hand, the plaintiff deposes that she explicitly refused to accede to the compromise, and so informed the attorney. Each is somewhat corroborated in certain particulars by other witnesses; but the Court below appears to have solved the doubt as to the disputed fact in favor of the defendant, and we cannot say that it erred in doing so. In this view of the case it is unnecessary for us to express any opinion on the questions of law discussed by counsel.

Order affirmed. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.